**In re Robert W. SOUTHARD, Bankrupt.**

**CONNECTICUT STUDENT LOAN FOUNDATION, Plaintiff,**

v.

**Robert W. SOUTHARD, Defendant.**

**Bankruptcy No. 79–00559.**

United States Bankruptcy Court,
W. D. Virginia.

Dec. 28, 1979.

David A. Furrow, Woodward, Fox & Wooten, Roanoke, Va., for plaintiff.

Charles E. Viar, Roanoke, Va., for debtor.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue here is whether student loans are dischargeable where the petition in bankruptcy was filed after the repeal of § 1087-3 of the Higher Education Act making student loans nondischargeable, but before enactment of § 523 of the BRA of 1978 which not only continues the policy of non-dischargeability but broadens the scope of § 1087-3.

The facts are simple and not in dispute.

During the period January 30, 1969, through December 30, 1973, Robert W. Southard received seven federally guaranteed student loans totaling $5,225.00. The loans were guaranteed by the Connecticut Student Loan Foundation to help finance Mr. Southard's college education. The Higher Education Act of 1965 was made specifically applicable to the loans by provisions appearing on the face of the notes.

Mr. Southard attended Roanoke College as a full-time student through June, 1974. He did not graduate. His student loans became due and payable ten months later in April of 1975. Mr. Southard signed an installment note containing a repayment schedule for his indebtedness in the amount of $6,780.96 ($5,225.00 principal and $1,555.96 interest) on July 22, 1976. The Defendant executed an interim note dated March 9, 1979, suspending the payments due on the installment note until September 25, 1979. Less than four months after signing the interim note, on July 6, 1979, Mr. Southard filed a petition in bankruptcy seeking to discharge the outstanding balance of $4,333.49 owed on his student loans.

When Congress enacted the new Code on November 6, 1978, to become effective October 1, 1979, it specifically repealed a section of the Higher Education Act relating to dischargeability of student loans. *See* 11 U.S.C. § 523(b). That section in effect prevented a bankrupt from discharging his student loan obligations. But, because of an oversight, it is argued that a hiatus was created during which there were no specific provisions regarding student loan dischargeability.

Bankrupt here filed his petition on July 7, 1979, before the alleged "loophole" was closed by Congress on August 14, 1979.[1] Notwithstanding the bankrupt's claim that his student loan obligations should be discharged, recent decisions on point mandate a different result. *See In re Erickson*, 5 BCD 734 (1979); *In accord, In re Kohn*, 5 BCD 419 (1979). Hence, the loans are not to be discharged on the grounds espoused herein by the Bankrupt.

Congress did not intend to create a gap in the treatment of federally guaranteed student loans. Neither does the judiciary regard a gap as having been created during

---

1. Public Law 96–56—August 14, 1979, 93 Stat. 387, 96th Congress . . . Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That section 17a of the Bankruptcy Act (11 U.S.C. 35(a)) is amended—
(1) by striking out "or" at the end of clause (7); and
(2) by striking out the period at the end of clause (8) and inserting the lieu thereof: "or; (9) for a loan insured or guaranteed under the authority of part B of title IV of the Higher Education Act of 1965 (20 U.S.C. 1071 et seq.) unless (a) the discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, or (b) the discharge is granted prior to the expiration of such five-year period and the court determines that payment from future income or wealth will impose an undue hardship on the bankrupt or his dependents."
SEC. 2. The amendments made by section 1 shall apply with respect to any proceeding commenced under the Bankruptcy Act during the period beginning on the date of enactment of this Act and ending October 1, 1979.
SEC. 3. Section 523(a)(8) of title 11, United States Code, as enacted by section 101 of Public Law 95–598, is amended—
(1) by striking out "to a governmental unit, or a nonprofit institution of higher education, for an educational loan" and inserting instead "for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education"; and
(2) in subparagraph (A), by inserting "(exclusive of any applicable suspension of the repayment period)" after "before five years".

which those whose education had been financed in whole or in part by student loans could discharge their debts. In § 439A of the Higher Education Act of 1965, 20 U.S.C. § 1087–3, it is stated:

(a) A debt which is insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, except prior to the expiration of that five year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or wealth will impose an undue hardship on the debtor or his dependents.

Public Law 95–598, enacted on November 6, 1978, specifically repeals § 439A, 20 U.S.C.A. § 1087–3, *supra* :

"Section 439A of Part B of Title IV of the Higher Education Act of 1965 (20 U.S.C. 1087–3) is repealed."

Section 523(a)(8) of the Bankruptcy Reform Act states:

(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (3) to a governmental unit or a nonprofit institution, of higher education, for an educational loan, unless—

(A) such loan became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

Under the Reform Act of 1978, § 523 does not become effective until October 1, 1979. Because § 439A was repealed on November 6, 1978, the defendant contends there is a gap between the repeal of § 439A on November 6, 1978, and the enactment date of the Reform Act on October 1, 1979. As pointed out by Judge Goldwater in *In the Matter of Allan Curtis Edson and Antionette Edson*, 4 BCD 1191, 1193: "The prob-

lem is the result of failure of the compromise between the House and the Senate to correlate the repeal date with the enactment of the new law . . . (t)he Congressional intent is not only to retain the exception to discharge of education loans as debts but to enlarge the exception to include more than the provisions of 20 U.S.C. § 1087–3."

The Court in *In the Matter of Kristin J. Erickson*, 5 BCD 734, 735 (1979) posited:

"Why would Congress want to create an eleven month gap when student loans could be freely discharged without regard to hardship? This Court agrees with Judge Goldwater who stated in the *Edson* case: 'to apply a literal interpretation in this case would manifestly torture the intent of Congress.' "

Citing *In re Raimondi*, 126 F.Supp. 390 (N.D.Cal.1954), the *Erickson* court stated:

It is well settled that a statute should not be literally construed if to do so would defeat the obvious purpose of the legislation.

In *Raimondi*, the question presented involved the construction of the phrase "date of enactment." The Court held that the phrases "date of passage" and "date of enactment" meant the effective date of the Act. Utilizing the *Raimondi* reasoning to the facts before this court, it is abundantly clear that Congress intended that the term "date of enactment" as used in § 402(d) and as it relates to § 317, to mean the effective date of § 523 of the BRA of 1978. Thus, when the Student Loan Act (§ 439A) was repealed, the broader provisions of § 523 stepped in immediately and took its place.

In the *Edson* case, *supra*, the issue before the Court was identical to that before this Court: whether to allow the discharge of a student loan pursuant to a bankruptcy petition filed during the "gap." The Court discussed legislative history at some length and then refused to grant the discharge.

The Court in *Erickson, supra* relied on two theories in holding that no discharge should be allowed. The first theory was espoused in *Edson, supra*, that Congress did

not intend to create such a gap. In addition to the discussion of legislative history and Congressional intent, the Court in *Erickson* looked to § 403 of the BRA of 1978. Commonly known as the savings clause of the new law, § 403 provides:

> A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act (the new Bankruptcy Reform Act) had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, *matter, or proceeding shall continue to be* governed by the law applicable to such case, *matter or proceeding as if the Act had not been enacted.* (emphasis added)

Thus, student loans described in § 439A (§ 1087–3) are not to be discharged in bankruptcy unless hardship is found.

As the plaintiff's memorandum noted, all courts which have considered the issue have not reached the same conclusion. The court in *In the Matter of Leonard Kohn*, 5 BCD 419 (1979) found that a gap did in fact exist. But, the court was convicted that the gap was a result of Congressional inadvertence. It reached the same decision as the *Erickson* and *Edson* courts and disallowed the discharge of the student loans.

Congress, too, was well aware of the inadvertent "gap." But, on August 14, 1979, P.L. 96–56 was enacted, specifically closing any gap which may have been created. The accompanying legislative history relates:

> Congress obviously did not mean to create a gap and at all times held to the principle of nondischargeability of student loans as was found in Section 439A . . .. *U.S. Code Congressional and Administrative News* (Sept. 1979) p. 1884.

Even if a gap was inadvertently created, there is ample authority, both legislatively and judicially related, that § 1087–3 was effective until October 1, 1979.

Accordingly, it is

### ORDERED AND DECREED

that the debts of the Bankrupt, Robert W. Southard, incurred as a result of student loans from Connecticut Student Loan Foundation are nondischargeable, there being no allegation nor evidence of a hardship this factor is not considered in this Opinion.